Filed 11/24/25  P. v. McCall CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY RAY McCALL,<br><br>      Defendant and Appellant. | B342055<br><br>(Los Angeles County<br>Super. Ct. No.<br>NA101490) |

THE COURT:

Anthony McCall appeals the denial of his petition for resentencing under Penal Code section 1172.6 and his motion for various documents related to his trial.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), identifying no issues, and appellant then filed a document entitled, "Petitioner's Motion for Enforcement of:

---

[1] Undesignated statutory references are to the Penal Code.

Article 6, § 20, of the California Constitution," which we deemed his supplemental brief.  The trial court's orders are affirmed.

## BACKGROUND[2]

Gisele-Angelique D'Milian (D'Milian) masterminded a scheme to convince her boyfriend that he fathered two children by her.  She enlisted appellant to kidnap two infants for the ruse.  On January 3, 2015, D'Milian followed a woman and her newborn baby off a bus in Long Beach.  Appellant went to that woman's home, shot the relative who answered the door, and went upstairs to retrieve the newborn baby.  Appellant shot the woman's fiancé in the leg and then shot the woman in her face and took her newborn.  The baby was found dead the next day in a dumpster.

A few weeks later, D'Milian asked an acquaintance if she could pretend that the acquaintance's baby was her own.  On February 6, 2015, D'Milian took the woman and her baby to a hotel.  After she fell asleep, D'Milian left, and appellant entered the room and beat and strangled the woman until she lost consciousness.  Appellant fled without the baby.

On March 2, 2018, a jury convicted appellant of first degree murder (§ 187, subd. (a)); kidnapping (§§ 207, subd. (a), 208, subd. (b)); four counts of willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a)); and attempted kidnapping (§§ 664, 207, subd. (a), 208, subd. (b)).  The jury found true several enhancements (§§ 12022.53, subd. (d) [discharge of

_____

[2] These facts are drawn from the opinion affirming appellant's conviction on direct appeal.  (*People v. McCall* (Dec. 20, 2018, B288857) [nonpub. opn.].)

Appellant's request for judicial notice of this prior opinion is granted.

firearm causing great bodily injury], 12022.7, subd. (a) [infliction of great bodily injury], 12022, subd. (b)(1) [use of deadly and dangerous weapon]).[3]  The trial court sentenced appellant to 141 years 8 months to life.  We affirmed his conviction and sentence on appeal.  (*People v. McCall*, *supra*, B288857.)

On October 1, 2024, appellant filed a "Motion for the production of transcripts and case[-]related materials of prior judicial proceedings."  On October 16, 2024, that motion was denied.

On October 15, 2024, appellant filed a "petition for writ of habeas corpus," claiming his felony-murder conviction was invalid under current law.  The trial court construed this as a petition for resentencing under section 1172.6, which it denied as a matter of law because the jury was not instructed on felony murder or the natural and probable consequences doctrine, and appellant was convicted as the direct perpetrator on all counts.  Appellant filed a notice of appeal from the order denying his resentencing petition and his motion for various case-related documents.[4]

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony-murder rule.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

---

[3] D'Milian pleaded no contest to the murder of the newborn and the attempted murders of its mother's fiancé and relative.

[4] Thereafter, appellant filed two petitions for writ of mandate in this court (B346559, B346811), and one in the Supreme Court, which was then transferred to this court (B343518).  Those petitions were all denied.

The felony-murder rule was amended to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).) Senate Bill 1437 also amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); see *People v. Gentile* (2020) 10 Cal.5th 830, 842–843, superseded by statute on another ground as stated in *People v. Oyler* (2025) 17 Cal.5th 756, 836.)

Senate Bill 1437 authorizes the filing of a petition " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Lewis*, *supra*, 11 Cal.5th at p. 967.) Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) amended section 1172.6 to expand its coverage to individuals convicted of attempted murder under the natural and probable consequences doctrine and manslaughter. (§ 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 544.)

Upon receiving a properly pleaded petition for resentencing

4

under section 1172.6, the trial court is to appoint counsel to the petitioner, if requested. (*Lewis*, *supra*, 11 Cal.5th at p. 966.) The court then conducts a prima facie review to determine eligibility for relief and issues an order to show cause if a prima facie showing is made. (*Id.* at p. 971.) The court may consider the record of conviction to determine whether the petitioner made the requisite prima facie showing. (*Id.* at pp. 971–972.)

Under *Delgadillo*, we must evaluate appellant's specific arguments, but are not required to undertake an independent review of the record. (*Delgadillo*, *supra*, 14 Cal.5th 216, 231–232.) The only issue appellant raised relates to the 1966 repeal of former article VI, section 20, of the California Constitution, which provided that "[t]he style of all process shall be, 'The People of the State of California'; and all prosecutions shall be conducted in the name and by the authority of the same." Since that repeal, a substantially similar provision has been housed in the Government Code. (See Gov. Code, § 100, subd. (b) ["The style of all process shall be 'The People of the State of California,' and all prosecutions shall be conducted in their name and by their authority"].) Appellant argues that the Legislature's addition of this provision to the Government Code was "corrupt[]" as it "nullified Californians' majority votes at the California General election [in] 1966." Therefore, he argues, his prosecution in the name of the People of the State of California and his resulting conviction are invalid. This argument falls outside the scope of a petition for resentencing under section 1172.6, and we decline to address it further.

Appellant has not made any arguments to challenge the denial of his motion for minute orders and case files.

**DISPOSITION**

The trial court's orders are affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.          CHAVEZ, J.          SIGGINS, J.*

---

* Retired Presiding Justice of the Court of appeal, First Appellate District, Division Three.